BARKDULL, Judge.
The National Union Fire Insurance Company issued a liability policy to Lenox Liquors, Inc., which provided coverage, in part, as follows:
* * * * * *
“The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
a) bodily injury or
b) property damage
to which this insurance applies, caused by an occurrence, * * * ”
******
Occurrence is defined as:
“ ‘occurrence’ means an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured."
While the policy was in full force and effect covering a liquor store operated by Lenox, one McClendon (who was a thirteen-year old minor with the physical attributes of a much older person) and another entered the premises operated by Lenox. McClendon and his companion were possessed of a beebee gun and pellet gun, whereupon Rosen (President of Lenox Liquors, Inc.) discharged a shotgun, injuring McClendon and his companion. Subsequently, McClendon brought an action against Lenox and Rosen, charging the injury was caused by “ * * * willfully and wantonly, firing a loaded shotgun at the Plaintiff LEROY McCLENDON, * * ”, an intentional tort. Lenox, the insured, called upon National to defend; National refused. Lenox then filed -a third party complaint against National, claiming indemnification in the event it was liable to McClendon. National moved for a judgment on the pleadings, contending that the allegations of the McClendon complaint [showing intentional tort] relieved it from responsibility to defend. The trial judge granted the judgment on the pleadings, with the following reservations:
******
“* * * This judgment is without prejudice as to LENOX LIQUORS, INC. and ROBERT ROSEN to file an amended third party complaint if the Plaintiff in the main suit files a subsequent action so as to bring the allegations therein within the coverage of the subject policy.” ******
Thereafter, the matter of McClendon v. Lenox proceeded and, on the evening of the trial, the matter was settled and the following is found in the formal settlement papers:
******
“ * * * Complaint would have been tried upon the negligent conduct of the Defendants rather than upon the Plaintiffs’ claim of willful conduct of the Defendants, and this settlement has been reached upon this basis.”
******
Subsequently, after Lenox had paid the settlement claim, it instituted the instant action against National for recovery under the terms of the policy, to wit: indemnification for the settlement agreement, costs, and attorney’s fees incident to the defense *534 of the McClendon action. Thereupon the parties stipulated[1] to certain facts and the cause proceeded non-jury, whereupon a final judgment was rendered in favor of Le-nox in terms and figures, in part, as follows:
* * * # * *
“ * * * this Court finds as a matter of law that the Plaintiff is not barred from proceeding in the instant suit because of res judicata or estoppel by judgment based upon the Judgment of the Pleadings entered by this Court in favor of the Defendant here, and against the Plaintiff, dated August 13, 1971, in case number 71-1597; said case being styled Leroy McClendon, et al. v. Lenox Liquors, Inc., et al. This Court also finds as a matter ■of law, based upon the Court’s findings of facts set forth below, that the Plaintiff’s claim herein falls within the exception to the general rule relative to a liability insuror’s duty to defend which is usually governed by the allegations of the complaint filed against its insured. The exception to this rule states that a liability insurer is obligated to defend its insured when such insuror has, or should reasonably be expected to have, actual knowledge of facts which brings the claim within the purview of the policy provision.
“The parties hereto have filed with the Court a Stipulation of Pact which the Court has considered as evidence herein. Upon consideration, this Court hereby adopts said Stipulation of Fact as its findings of fact and, in addition, based upon said Stipulation of Fact, hereby makes additional findings of fact upon which this Final Judgment is predicated. This Court finds that on January 24, 1969, Robert Rosen, President of the Plaintiff herein, did shoot one Leroy McClendon with a shotgun, thinking that said Leroy McClendon was an armed robber threatening life and property instead of being, as alleged by McClendon in case number 71 — 1597, a minor who had come into the store as a customer only. As such, this Court finds that the action of Rosen was an ‘occurrance, which is defined in the Defendant’s policy of insurance as “an accident . . . which results ... in bodily injury . neither expected nor intended from the standpoint of the insured” ’. The Court further finds that, based upon the Stipulation of Fact, Rosen neither expected nor intended to injure an innocent customer of the Plaintiff’s liquor store, but rather only expected or intended to injure an armed robber threatening his life and the Plaintiff’s property. Herein, Rosen’s acts were an accident in that his injuring *535 of an innocent customer was unintended and undesigned. See Gulflife Ins. Co. v. Nash, 97 So.2d 4 (Fla.1957). This Court therefore finds that McClendon’s claim in case number 71-1597 would have been within the coverage provided by the Defendant’s policy of insurance insuring the Plaintiff at said time and place. “Additionally, this Court finds that the Defendant had actual knowledge that McClendon’s claims might come within the policy coverage prior to February 8, 1971, the date on which it refused coverage to the Plaintiff.
“This Court further finds that prior to the trial of case number 71-1597, that Plaintiff here settled the claims of McClendon, et al., in good faith, for the sum of $3,750.00, and finds that he paid his attorney the sum of $2,000.00 for defending said lawsuit and additionally, was obligated and did pay the additional sum of $204.50 for various court costs and expenses involved in the defense of that suit.
“In consideration of the above findings of law and fact, and being fully advised in the premises, this Court does “ORDER and ADJUDGE that the Plaintiff, Lenox Liquors, Inc., have and recover of and from the Defendant, the National Union Fire Insurance Company, the sum of $5,955.50, representing a total of the above sums, together with interest thereon from July 20,1973, to date in the amount of $736.90, and together with a reasonable attorney’s fee for services in connection with the prosecution of this action in the amount of $2,000.00, or a total of $8,691.40 for which let execution issue.”
* * * * * *
We affirm. An insurance company’s duty to defend is greater than its duty to pay. Garden Sanctuary, Inc. v. Insurance Company of No. America, 292 So.2d 75 (Fla.2nd D.C.A.1974). The insurance company in the instant action stipulated that McClendon’s claim would have to be tried on a negligence theory; therefore, it would have been required to defend. Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla.1971); Aetna Life & Casualty Company v. Thorn, 315 So.2d 219 (Fla.3rd D.C.A. 1975). Counsel for the appellant relies on Capoferri v. Allstate Insurance Company, 322 So.2d 625 (Fla.3rd D.C.A.1975) for reversal. In the instant case, the insurance company stipulated that the injured party’s claim would sound in negligence; in the cited case the claim was to intentional tort. The proof would have been for intentional tort and, therefore, this was a claim without the coverage of the policy, so the cases are distinguishable.
We approve the statement by the learned judge: “As such, this Court finds that the action of Rosen was an ‘occurrence, which is defined in the Defendant’s policy of insurance as an “accident * * * which results * * * in bodily injury * * * neither expected nor intended from the standpoint of the insured” ’. Gulf Life Insurance Company v. Nash, 97 So.2d 4 (Fla. 1957); Cloud v. Shelby Mutual Insurance Company of Shelby, Ohio, 248 So.2d 217 (Fla.3rd D.C.A.1971); George v. Stone, 260 So.2d 259 (Fla.4th D.C.A.1972).
Affirmed.

. ******
“The parties hereto, by and through their undersigned attorneys, do hereby stipulate and agree upon the following facts for the purposes of consideration by the Court and/or inclusion in the final judgment in this cause:
“12. On March 16, 1971, NATIONAL UNION filed it’s (sic) Answer to the Third Party Complaint which, in part, admitted that it had failed to settle the claims made by McClendon and failed to defend LENOX LIQUORS, INC., in that case, but stated that it was not obligated to pay any sums for which LENOX LIQUORS, INC., should become legally obligated to pay as damages because of bodily injury to McClen-don, because the original Complaint filed on behalf of McClendon alleged that Robert Ro-sen, as president and employee of LENOX LIQUORS, INC., assaulted the Plaintiff by maliciously, wilfully and wantonly firing a loaded shotgun at McClendon. The answer further denied coverage saying that the Complaint in essence alleged an intentional act which was not covered under the policy. NATIONAL UNION stated therein that ‘the Defendant’s conduct was not a peril insured against’ and that it had no duty to defend LENOX LIQUORS, INC. At this time NATIONAL UNION knew that McClendon would contend he was not holding up the store and that Rosen would contend he thought McClendon was holding up the store, and this is why he shot him, and one of the issues for trial would have been whether Rosen was mistaken in the belief that LENOX LIQUORS was being robbed.
“ * * * the allegations of the Plaintiff’s Complaint would have been tried upon the negligent conduct of Rosen and LENOX LIQUORS, INC., rather than upon McClendon’s Complaint of willful conduct of the Defendants and that the settlement was reached upon that basis. * * * ” [emphasis added]
* * * * *