431 So.2d 296 (1983)
Edmond Lee PETERS, Plaintiff/Appellant,
v.
James Mendille TROUSCLAIR, Defendant,
v.
AMERICAN LIBERTY INSURANCE COMPANY, Impleaded Defendant/Appellee.
No. AN-364.
District Court of Appeal of Florida, First District.
May 12, 1983.
James G. Etheredge, of Etheredge & Miller, Fort Walton Beach, for plaintiff/appellant.
H. Hamilton Rice, Jr., of Lane, Trohn, Bertrand & Williams, P.A., Bradenton, for American Liberty Ins. Co., impleaded defendant/appellee.
WIGGINTON, Judge.
This is an appeal from the final judgment of the trial court dismissing plaintiff Edmond Lee Peters' motion for impleader, thereby finding there to be no insurance coverage. We affirm.
*297 James Mendille Trousclair, the defendant/policyholder, is a riverboat pilot whose occupation requires extended absences from his home and wife. During one of those absences, Peters, Mrs. Trousclair's cousin, had been residing at Trousclair's home for several days. The record reflects that although Trousclair had extended the invitation, he had only met Peters on two prior occasions, was not familiar with him, and was unaware that Peters had begun residing in the home. In the meantime, one Humphreys, not at Trousclair's invitation, was also residing at the home, having become amorously involved with Mrs. Trousclair. In the early morning hours before the incident giving rise to these proceedings, Trousclair returned home without forewarning to find his wife and the two men lounging in the living room. In a fit of jealous rage, Trousclair burst into the room, grabbed Peters, who he did not recognize, and repeatedly stabbed him, causing serious injury. He then pursued Humphreys.
Upon venting the remainder of his frustration on Humphreys, Trousclair suddenly realized that Peters was his wife's cousin and promptly delivered him to a hospital. Criminal proceedings were levied against our pilot, and Peters initiated this civil action alleging alternatively, in two counts, intentional and negligent acts. Trousclair notified his insurer, American Liberty Insurance Company, of the pending action and requested that the company provide him a defense. The request was denied however, American Liberty taking the position that Trousclair's act was intentional and excluded from the policy, the exclusion reading:
1. Coverage E  Personal Liability and Coverage F  Medical Payments to Others do not apply to bodily injury or property damage:
a. which is expected or intended by the insured; .. .
A default was entered against Trousclair. Trial on the original complaint was held and a final judgment entered awarding both compensatory and punitive damages in the total amount of $105,606.55, although not specifying whether liability arose from an intentional tort or from negligence.
Subsequent to final judgment, Peters caused to be filed his Motion for Impleader in Supplementary Proceedings, seeking to implead American Liberty and alleging the existence of insurance coverage for payment of the judgment entered against Trousclair. The motion was denied, the trial court finding Trousclair's act to have been "malicious and intentional for which there is no insurance coverage."
The record supports the trial court's finding. It reveals that although Trousclair was unaware at the time of the stabbing of the identity of Peters as being his wife's cousin, knowledge which might have otherwise stayed his hand, the act was nonetheless intentionally, specifically directed toward the person of Peters. This feature serves to distinguish the instant case from Grange Mutual Casualty Company v. Thomas, 301 So.2d 158 (Fla. 2d DCA 1974), relied on by Peters, which involved the shooting of a nonparticipant observer of a family quarrel who was the unfortunate recipient of an errant bullet intended for another. Compare also Phoenix Insurance Company v. Helton, 298 So.2d 177 (Fla. 1st DCA 1974), and Cloud v. Shelby Mutual Insurance Company of Shelby, Ohio, 248 So.2d 217 (Fla. 3d DCA 1971), in which it was ruled that coverage was not excluded as a matter of law where there was an "intentional act" but not an "intentionally caused" injury. However, as pointed out in Hartford Fire Insurance Company v. Spreen, 343 So.2d 649 at 651 (Fla. 3d DCA 1977):
Running through all of these cases is an act of negligence by the insured, sometimes gross or even culpable negligence. But never has coverage been found under such policies where the insured's act was deliberately designed to cause harm to the injured party. (emphasis added)
Here, it is evident from Trousclair's own statements in the record that Peters was the immediate and intended object of his wrath. There is no doubt that Trousclair's *298 act was "deliberately designed to cause harm" to Peters at the moment he committed the act.
Peters relies on his allegation of negligence in Count II of his original complaint for the proposition that American Liberty had a duty to defend and thereby had a duty to pay damages. It is undisputed that the insurer is under a duty to defend a suit against an insured where the complaint alleges facts within the coverage of the insurance policy. National Union Fire Insurance Company v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977). It is also true that "the insurer's duty to defend is more extensive than its duty to pay ... (citations omitted)." Federal Insurance Company v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979). Thus, a determination that there is no duty to defend against a particular claim carries with it "the inevitable conclusion that there is none to pay an eventual judgment which may be entered upon that claim. National Union Fire Ins. Co. v. Lenox Liquors, Inc. ..." Id. at 233. However, the reverse is not true. As reasoned in Applestein, "there are many instances in which a company required to defend is not required to indemnify because the actual facts, as opposed to the complaint, show the non-existence (sic) of coverage." Id.; see e.g., Stevens v. Horne, 325 So.2d 459 (Fla. 4th DCA 1975).
In the instant case, whether American Liberty had a duty to defend is no longer an issue and is irrelevant, for the facts before the trial court as developed in the interrogatories establish an intentional act on the part of the insured, Trousclair, bringing it within the exclusion.
For the foregoing reasons, the final judgment dismissing Peters' Motion for Impleader is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.