434 So.2d 1004 (1983)
K-C MANUFACTURING CO., INC., Appellant,
v.
SHELBY MUTUAL INSURANCE CO., Appellee.
No. AP-198.
District Court of Appeal of Florida, First District.
July 15, 1983.
*1005 R. Jeremy Solomon, of Booth, Conner & Solomon, Tallahassee, for appellant.
J. Craig Knox, of Fuller & Johnson, Tallahassee, for appellee.
WENTWORTH, Judge.
This is an appeal from a final summary judgment finding no coverage under a policy issued to appellant K-C Manufacturing Co. (K-C) by appellee Shelby Mutual Insurance Co. (Shelby) in a products liability suit against K-C. For the following reasons we affirm.
Veronica Dudley was injured while riding in a go-cart designed and manufactured in part by K-C. Along with her next of kin, she brought suit against K-C alleging that her injuries resulted from defects in the design and manufacture of the go-cart in that there was an opening between the engine and the passenger compartment.
Count one of the complaint was based on product liability and alleged in pertinent part:
10. The injuries sustained by VERONICA DUDLEY resulted from defects in the design and manufacture of the go-cart, existing at the time the go-cart and engine left the possession of the Defendants. The go-cart was defective and unreasonably dangerous in that:
(a) The design of the engine's recoil starter mount allowed for an opening of such size that it easily permitted the hands of ultimate users to become engaged and entrapped in the area of the recoil starter mount, thereby exposing the hands to the rapidly rotating air intake screen;
.....
(c) The go-cart was not equipped with any device or piece which separated the passenger area from the engine area, effectively preventing the limbs of passengers from entering the area of the engine which contained dangerous moving parts, and which contained parts which were extremely hot and which were capable of producing extreme heat when coming in contact with human skin.
Count two was based on negligence and alleged in part:
13. The injuries sustained by VERONICA DUDLEY resulted from the negligent design and manufacture of the engine and go-cart existing at the time the engine and go-cart left the possession of the Defendants, and which defects were known or should have been known by the Defendants. Said negligence consisted of the following:
(a) Making or permitting the design of the engine's recoil starter mount to exist in a defective state so that it allowed for an opening of such size that it easily permitted the hands of ultimate users to become engaged and entrapped in the area of the recoil starter mount, thereby exposing the hands to the rapidly rotating air intake screen.
.....
(c) Failing to use or equip the go-cart with a device or piece which would separate the passenger area from the engine area, thereby effectively preventing the limbs of passengers from entering the *1006 area of the engine which contained dangerous moving parts, and which contained parts which were extremely hot and which were capable of producing extreme heat when coming in contact with human skin;
(d) Failing to inspect and discover said defects; and
(e) Failing to warn Plaintiffs of said defects when Defendants knew or should have known of such defects and the dangerous condition created thereby.
Subsequent to the filing of the suit by the Dudleys, K-C filed a complaint for declaratory judgment seeking a declaration of Shelby's obligations to K-C, its insured, under the allegations of the Dudleys' complaint. The court held that the products hazard exclusion contained in the policy issued by Shelby to K-C is unambiguous and applicable in the case. Therefore, summary judgment in favor of Shelby was entered.
The products hazard exclusion referred to in the final judgment is found in an attachment to the general liability insurance policy which provides:
This endorsement forms a part of the policy to which it is attached ... It is agreed that such insurance as is afforded by the Bodily Injury Liability Coverage and the Property Damage Liability Coverage does not apply to bodily injury or property damage within the ... Products Hazard.
The policy defines "products hazard" as:
[B]odily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others.
In arguing that the exclusion does not preclude coverage on the Dudley complaint, appellants assert (1) that the exclusion is ambiguous and therefore must be construed in favor of the insured, and (2) that the exclusion does not encompass the allegation of negligent failure to warn. (See paragraph 13(e) of the complaint, quoted above.) The first assertion is unavailing because the language of the endorsement clearly applies to the policy to which it is attached, and it excludes coverage for bodily injury arising within the products hazard definition. The terms of the exclusion are simple and absolute with respect to products and warranties thereof.
Appellant's second assertion raises an issue which is apparently without direct precedent in Florida. Essentially, they argue that the alleged negligent failure to warn is an allegation pertaining to a proximate cause separate from the alleged product defect and from affirmative warranties excluded by the clause in question. Appellants rely upon several Louisiana cases which have held that in certain circumstances an allegation of failure to warn is not encompassed in exclusionary provisions similar to the one involved here. See Templet v. Goodyear Tire and Rubber Co., 341 So.2d 1248 (La. Ct. App. 1976); Cooling v. United States Fidelity Guaranty Co., 269 So.2d 294 (La. Ct. App. 1972). We find factual distinctions between those cases and that now presented. The allegation in Templet was a failure to warn of the danger involved in mounting a tire from the wrong side of the rim. The failure to warn of a need to use additional equipment in conjunction with a diesel engine, sold for use under specified conditions, was found not to be excluded in Cooling. Neither case involved an allegation of failure to warn of a defect (design or otherwise) in the product.
Similarly, the rationale in Florida Farm Bureau Mutual Insurance Co. v. Gaskins, 405 So.2d 1013 (Fla. 1st DCA 1981), is inapplicable in this case. The complaint in Gaskins was analyzed as not involving any defect in the product itself, only negligence on the part of the defendant in selling the wrong product for a specified purpose. In the present case, however, the charge of negligence is "failing to warn Plaintiffs of said defects" in the product. The complaint against appellants did not allege that they *1007 sold the wrong product; or that they had a duty to warn of the possible results of misuse of the go-cart; or that K-C negligently failed to advise them of additional available equipment which would safely adapt the go-cart for a particular use. On the contrary, it alleged that K-C was on notice of a dangerous condition created by a product defect and did not warn of it. Thus, even though the complaint does contain an allegation of negligent failure to warn, it effectively alleges a bodily injury arising out of either the named insured's product or reliance upon a necessarily implied warranty with respect to its fitness. The negligence alleged is clearly that contemplated by the exclusion.
We further note the specific exclusion of available products' insurance in the description of hazards covered and rates therefor in the policy involved here. To extend coverage in this case would therefore simply emasculate the exclusion provision and provide benefits for which the premium was not calculated. Cf., Inductotherm Corp. v. N.J. Manufacturers Casualty Insurance Co., 83 N.J. Super. 464, 200 A.2d 358 (N.J. 1964).
Affirmed.
ROBERT P. SMITH, Jr. and ZEHMER, JJ., concur.