SCHWARTZ, Chief Judge.
Caduceus Self Insurance Fund, Inc. appeals from what we view as a final declaratory judgment holding, inter alia, that it was required to provide a defense to South Florida Emergency Physicians, P.A. under the allegations of an amended malpractice complaint brought against South Florida and several other defendants below.[1] We reverse.
It is established that an insurer’s duty to defend is determined by whether the allegations of the complaint in question fall within the coverage provided by the policy. Peters v. Trousclair, 431 So.2d 296 (Fla. 1st DCA 1983); Federal Ins. Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979), cert. denied, 389 So.2d 1107 (Fla.1980). The sole liability coverage provided by the instant policy to South Florida, which was contained in an endorsement to an already existing policy, stated:
It is agreed that such insurance as is afforded by this Coverage Agreement shall apply to:

SOUTH FLORIDA EMERGENCY PHYSICIANS, P.A.

as an additional named insured (including any Executive officer, Director, Stockholder or Shareholder thereof while acting within the scope of his duties as such) but only as respects professional services rendered or which should have been rendered by any physician or surgeon named in Item 1 of the Declarations of this Coverage Agreement, [emphasis added]
This restriction of coverage to services allegedly performed by the physicians thus specified — Drs. Leitman and Rae — is neither ambiguous, unclear, nor otherwise non-enforceable. K-C Manufacturing Co., Inc. v. Shelby Mutual Ins. Co., 434 So.2d 1004 (Fla. 1st DCA 1983); Coleman v. Valley Forge Ins. Co., 432 So.2d 1368 (Fla. 2d DCA 1983); Denman Rubber Manufacturing Co. v. World Tire Corp., 396 So.2d 728 (Fla. 5th DCA 1981); Cochrane v. American Surety Co. of New York, 108 So.2d 315 (Fla. 2d DCA 1959). A careful examination of the amended complaint reveals no claim whatever that South Florida is or may be liable for the actions or inactions of either of the *1036 named doctors.[2] It therefore follows that Caduceus had no duty to defend South Florida against the amended complaint.[3]
Reversed.

. Our holding is confined to the determination of this question; it does not concern the duty to defend or provide coverage arising from later or amended pleadings against South Florida. See Mackin v. Applestein, 404 So.2d 789 (Fla. 3d DCA 1981).

. It contends at most that South Florida is vicariously liable for the malpractice of a Dr. Joseph or is independently liable for its own negligence in failing properly to staff a hospital emergency room.

. From this flows the “inevitable conclusion” that there is no obligation to indemnify for any judgment against South Florida which is based upon the allegations of that pleading. Federal Ins. Co. v. Applestein, supra, 377 So.2d at 233.