149 B.R. 997 (1993)
In the Matter of: The CELOTEX CORPORATION, et al., Debtors.
The CELOTEX CORPORATION, et al., Plaintiffs,
v.
AIU INSURANCE COMPANY, et al., Defendants.
Bankruptcy Nos. 90-10016-8B1, 90-10017-8B1, Adv. No. 91-40.
United States Bankruptcy Court, M.D. Florida, Tampa Division.
January 26, 1993.
Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for The Celotex Corp., et al., debtors.
Charles P. Schropp, Mark P. Buell, Schropp, Buell & Elligett, Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, Mark H. Kolman, Karen L. Bush, Mark D. Silverschotz, Anderson Kill Olich & Oshinsky, New York City, for plaintiffs.
Sara Kistler, Asst. U.S. Trustee.
John W. Kozyak, Kozyak Tropin Throckmorton & Humpreys, P.A., Miami, FL, for Asbestos Property Damage Claimants Committee.
Charles M. Tatelbaum, Johnson, Blakely, Pope, Boker, Ruppel & Burns, P.A., Tampa, FL, for Creditors Committee of Unsecured Creditors.
William Knight Zewadski, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, FL, for Unofficial Asbestos Health Claim Co-Defendants Committee.
H.C. Goplerud, Honigman Miller Schwartz and Cohn, Tampa, FL, for Asbestos Health Claimants Committee.
James W. Greene, William E. Nowakowski, Bromley, Greene & Walsh, Washington, DC, for Columbia Cas. Co., Employers Ins. of WAUSAU, Federal Ins. Co., and Protective Nat. Ins. Co.
John A. Yanchunis, Blasingame, Forizs and Smiljanich, P.A., St. Petersburg, FL, for Continental Cas. Co., Citadel General Assur. Co., Columbia Cas. Co., American Re-Insurance Co., Eric Reinsurance Co., and Zurich American Ins. Co.
John E. Peer, Long & Levit, San Francisco, CA, for Continental Cas. Co., Transp. Ins. Co.
Katherine E. Rakowsky, Philip C. Stahl, Iving C. Faber, Margaret B. Jones, Grippo & Eldon, Chicago, IL, for American Ins. Co. National Surety Co.
*998 Rolf E. Gilbertson, Paul L. Gingras, Zelle & Larson, Minneapolis, MN, Ronald L. Cohen, Seward & Kissel, New York City, and Mary A. Lau, Robert J. Asti, Lau, Lane, Pieper & Asti, P.A., Tampa, FL, for Employers Ins. Co. of WAUSAU.
George A. Vaka, Russell S. Buhite, Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, FL, for North Star Reinsurance Co.
Roger E. Warin, Daniel C. Sauls, John A. Flyger, Steptoe & Johnson, Washington, DC, for Highlands Ins. Co., Old Republic Ins. Co., St. Paul Surplus Lines Ins. Co.
James P. Schaller, Christine A. Nykiel, Jackson & Campbell, Washington, DC, for American Home Assur. Co., AIU Ins. Co., Granite State Ins. Co., Lexington Ins. Co., National Union Fire Ins. Co. of Pittsburgh, PA.
Thomas B. Mimms, Jr., MacFarlane Ferguson, Tampa, FL, for American Home Assur. Co., AIU Ins. Co., Highlands Ins. Co., Lexington Ins. Co., Old Republic Ins. Co., Granite State Ins. Co., National Union Fire Ins. Co. of Pittsburgh, PA, Employers Mut. Cas. Co., American Ins. Co., National Surety Co., St. Paul Surplus Lines Ins. Co.
Elizabeth B. Sandza, Cynthia T. Andreason, Leboeuf, Lamb, Leiby & MacRae, Washington, DC, for Gibraltar Ins. Co., Hudson Ins. Co.
David C. McLauchlan, Lord Bissell & Brook, Chicago, IL, and Deborah M. Paris, Paris & Hanna, P.A., Tampa, FL, for Lloyds of London.
Jack Willis, Allianz Underwriters Ins. Co., Los Angeles, CA, for Allianz Underwriters Ins. Co.
Lynn Bregman, David Donovan, John Siddeek, Wilmer, Cutler & Pickering, Washington, DC, for North American and California Union Ins. Co.
Meryl R. Lieberman, Daniel W. Morrison, III, Wilson, Elser, Moskowitz, Edelman & Dicker, White Plains, NY, for General Accident Fire & Life Assur. Co.
William J. Bowman, Hogan & Hartson, Washington, DC, for First State Ins. Co., Hartford Indem. Co., Twin City Ins. Co.
Robert H. Berkes, Barbara Hodous, Bodkin, McCarthy, Sargent & Smith, Los Angeles, CA, for First State Ins. Co., Hartford Indem. Co., Twin City Fire Ins. Co.
W. Gray Dunlap, Jr., Judith W. Simmons, De La Parte & Gilbert, Tampa, FL, for Hartford Indem. Co., Twin City Fire Ins. Co., First State Ins. Co.
Robert J. Bates, Jr., Maryann C. Hayes, Pope & John, Ltd., Chicago, IL, for Eric Reinsurance Co., American Re-Insurance Co., Zurich Ins. Co.
Virginia M. Vermillion, David Schroeder, Gleason, McGuire & Shreffler, Chicago, IL, for Employers Mut. Cas. Co. and Allstate Ins. Co.
Wilson M. Brown, III, Lawrence A. Nathanson, Drinker Biddle & Reath, Philadelphia, PA, for American Motorists Ins. Co. and Lumbermens Mut. Cas. Co.
Elizabeth G. Repaal, Harris, Barrett, Mann & Dew, St. Petersburg, FL, for Allstate Ins. Co.
Gregory J. Willis, Walton, Lantaff, Schroeder & Carson, Miami, FL, for Florida Ins. Guar. Co.
James E. Rocap, III, Cathy J. Burdette, Michael J. Barta, Miller, Cassidy, Larroca & Lewin, Washington, DC, and Mark M. Schabacker, Arnold, Morris, Frank & Schabacker, P.A., Tampa, FL, for Aetna Cas. & Sur. Co.
Rick Dalan, St. Petersburg, FL, for Royal Indem. Co.
Edward M. Waller, Jr., Fowler White Gillen Boggs, Villareal and Banker, P.A., Tampa, FL, for American Motorists Ins. Co.
Louis Schulman, Butler Burnette & Pappas, Tampa, FL, for Continental Ins. Co., International Ins. Co., U.S. Fire Ins. Co., The American Centennial Ins. Co.
Robert J. Kelly, McElroy Deutsch & Mulvaney, Morristown, NJ, for International Ins. Co. and U.S. Fire Ins. Co.
Susan B. Morrison, Morrison, Morrison & Gregory, P.A., Tampa, FL, Thomas J. Quinn, William J. Cleary, Mendes & Mount, New York City, for Barrett and London Market Companies.
*999 William E. McGrath, Jr., Golden, Rothschild, Spagnola & DiFazio, Somerville, NJ, Michael M. Ingram, John A.C. Guyton, III, Alley & Ingram, Tampa, FL, for Transport Ins. Co.
Michael F. Aylward, Morrison, Mahoney & Miller, Boston, MA, Benjamin H. Hill, III, Dennis P. Waggoner, Hill, Ward & Henderson, Tampa, FL, for Transamerica Premier Ins. Co.
Warren D. Hamann, James F. Asher, Kimbrell & Hamann, Miami, FL, Michael Gallagher, German, Gallagher & Murtagh, Philadelphia, PA, for Stonewall Ins. Co.

ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT
THOMAS E. BAYNES, Jr., Bankruptcy Judge.
THIS CAUSE came on for hearing upon the Insurance Company's[1] Motion for Partial Summary Judgment as to Count One Regarding Debtor's Claim for Insurance Outside of the "Products Hazard" for Asbestos-in-Building Claims and Debtor's Motion for Partial Summary Judgment that the Definition of "Products Liability" Claims Does Not Include Alleged Negligent Failure to Provide Warnings in Connection with the Sale of Products Containing Asbestos. The Court, having heard the argument of counsel and having reviewed the record, finds as follows:
Debtor seeks a declaration that the definition of "products liability" or "products hazard" does not encompass liability for asbestos-related property damage[2] resulting from Debtor's alleged negligent failure to warn of the potential hazards arising from Debtor's asbestos-containing products and Debtor's insurance coverage is therefore not subject to the limits of liability imposed by the products hazard provisions.[3] Debtor asserts a distinction must be made between those claims founded in strict liability, which requires a showing of a defective product, and those claims alleging mere negligent failure to warn, which does not require a showing of a defect in *1000 the product involved in the injury. Debtor maintains the claims for negligent failure to warn only involve Debtor's alleged negligent failure to warn of the potential harm that could result from using asbestos-containing products, rather than a failure to warn of actual defects in those products. Thus, Debtor argues the claims are not directly related to products liability. Debtor's Motion further asserts that its asbestos-containing products were not defective since they complied with existing government regulations as to permissible levels for exposure to asbestos at the time the products were supplied and the products performed as specified.
Debtor goes on to state since 1972 courts have widely recognized the term "products liability" in standard form insurance policies does not include liability where the product was not defective or where no faulty manufacture was involved. Debtor states that despite the existence of these cases, the Insurance Company did not alter its policies to provide a specific inclusion of failure to warn claims in the definition of products liability.
The Insurance Company's Motion seeks a determination that the asbestos-related property damage claims are covered, if at all, under the products hazard provisions of the relevant policies and are therefore subject to the applicable limits of liability for products hazard coverage. The Insurance Company contends the property damage claims, which generally seek recovery for costs associated with inspection of buildings for asbestos-related problems and the costs of encapsulation and removal of asbestos from the buildings, are directly related to Debtor's products regardless of the theory upon which recovery is based (e.g., negligence, strict liability, breach of warranty, conspiracy, intentional conduct). The Insurance Company cites various cases to support its theory that as long as the claims arise out of Debtor's products, they are covered exclusively by the products hazard policy provisions. The Insurance Company goes on to argue that permitting coverage to Debtor under the general liability provisions of the policies would mean Debtor would be able to avoid the restrictions of the products hazard provisions in every case in which the underlying claimant alleged wrongdoing on Debtor's part beyond the mere production of a defective product. Consequently, the Insurance Company asserts, under Debtor's theory, the more reprehensible Debtor's conduct, the more insurance coverage available.
The Insurance Company also points to the following language as illustrative of the relevant policies' definition of products hazard:[4]
"Products hazard" includes bodily injury and property damage arising out of the named insured's products . . ., but only if the . . . property damage occurs away from the premises owned by . . . the named insured and after physical possession of such products has been relinquished to others.
Thus, the Insurance Company urges the relevant inquiry is not necessarily the theory of liability pursued by an injured party, but the manner in which the victim was injured. If the injury arose out of Debtor's products, occurred away from Debtor's premises and occurred after physical possession of the product had been transferred, the claim is covered solely as products liability.[5]

DISCUSSION
This Court finds the clear language of the relevant insurance policies and the *1001 case law support the conclusion that damages resulting from negligent failure to warn of the risks of use of asbestos-containing products in buildings are intimately related to the products themselves and should be covered exclusively by the products liability provisions of the insurance policies. The key language in the definition of products hazard or products liability claims, as stated above, is "property damage arising out of the named insured's products." The primary issue here is what claims do or do not arise out of Debtor's products.
Debtor has cited several cases involving negligent actions on the part of an insured that were sufficiently separate from the nature of the products so as to avoid the products liability provisions of the insured's policies. Scarborough v. Northern Assur. Co. of America, 718 F.2d 130 (5th Cir.1983) (injury resulting from use of sand in sandblasting operations is not within products liability provision of policy where there was no defect in the product, merely negligent failure to warn of dangers in using and inhaling product); Florida Farm Bureau Mut. Ins. Co. v. Gaskins, 405 So.2d 1013 (Fla. 1st DCA 1981) (product merely an instrumentality of the injury, and therefore not within products hazard provision of policy, where chemical supplier negligently supplied herbicide rather than insecticide to customer); Hartford Mut. Ins. Co. v. Moorhead, 396 Pa.Super. 234, 578 A.2d 492 (1990), appeal denied, 527 Pa. 617, 590 A.2d 757 (1991) (injury from explosion resulting from improper utilization of sulfur strips to fumigate used whiskey barrel not covered by products hazard provision). Debtor claims its own liability for alleged negligent failure to warn is sufficiently removed from the nature of its asbestos-containing products to warrant classification as something other than products liability. Debtor asserts that unless the claim of failure to warn necessarily involves an allegation of the existence of a defective product, the products liability exclusions are not implicated.
In this case, however, the Court finds the alleged damages resulting from the failure to warn of the dangers involved in the use of the asbestos-containing products are sufficiently tied to the nature of Debtor's products to warrant denominating the liability as products hazard. The damages are not alleged to have resulted from the misuse of a product which is ordinarily not dangerous. The underlying complaints allege asbestos is a dangerous, defective product whether used properly or improperly. Any liability based upon negligent failure to warn of those innate dangers is directly associated with the product. Debtor's attempt to analogize asbestos-containing products to products such as sand or sulfur strips is not valid. Clearly, in some instances the act of negligently failing to warn may be sufficiently removed from the nature of the product to warrant classifying the liability as something other than products liability. However, that is not the case here.
These conclusions are supported by the relevant case law. The Supreme Court of Illinois in Cobbins v. General Accident Fire & Life Assur. Corp., 53 Ill.2d 285, 290 N.E.2d 873 (1972), took an expansive view of the interpretation of products hazard for insurance coverage purposes and stated:
[t]he definition of the "products" hazard does not permit the interpretation that it applies only to the typical product-liability or defective-product case. It is not so limited. The hazard applies to all product related injuries, including the sale of the wrong product or the wrongful sale of a product to a customer so long as the other requisites [of the policy] . . . are present.
Cobbins, 290 N.E.2d at 877. Given the broad view taken by the Illinois Supreme Court, it is clear that under Illinois law Debtor's liability at issue here is product related.
Although not as expansive in the interpretation of the definition of products liability or hazard, the relevant Florida case law also supports placing Debtor's negligent failure to warn liability within the confines of products liability. In K-C Mfg. Co. v. Shelby Mut. Ins. Co., 434 So.2d 1004 (Fla. 1st DCA 1983), the victims were injured due to defects in the design of a gocart *1002 in which they were riding. The First District Court of Appeals, in finding the products hazard provisions applicable, was careful to distinguish the case before it from those in which the wrong product was sold or the injury resulted from failure to warn of misuse of a non-defective, non-dangerous product. K-C, 434 So.2d at 1006-07. The Court focused primarily upon the relationship of the product to the injury and stated the product was made dangerous by the defect, and it was that danger that created the relationship of the product to the injury. K-C, 434 So.2d at 1007. Although Debtor attempts to distinguish its liability situation from that of the insured in K-C, such a distinction is untenable. Like the insured in K-C, Debtor's liability is predicated upon its failure to warn of the dangerous condition of its products, not upon the negligent sale of the wrong product or the failure to warn of dangers associated with misuse of Debtor's products.
The case law in Ohio also supports this Court's conclusions. In Buckeye Union Ins. Co. v. Liberty Solvents and Chems. Co., 17 Ohio App.3d 127, 477 N.E.2d 1227 (1984), the court held as follows:
The effect of a product hazard exclusion in a policy of liability insurance is to relieve the insurer of the duty to defend and indemnify its insureds in actions charging strict liability, negligence or breach of warranty. [T]here must be a defective condition in the product itself which proximately causes the damage before the product hazard exclusion will preclude coverage. This defective condition may be . . . [,] in the case of an inherently dangerous or unavoidably unsafe product, a failure to provide adequate warnings.
Buckeye, 477 N.E.2d at 1236. The Buckeye court looked specifically to the nature of the product involved in the damage. Debtor's liability falls squarely within this definition. The underlying complaints allege damage due to the negligent failure to warn of the inherently dangerous characteristics of asbestos-containing products, and according to the court in Buckeye, it is the failure to warn of those inherent dangers that makes the product defective and implicates the products hazard or products liability provisions of the policies.
Finally, the Court notes that aside from countering the clear language of the policies at issue here, Debtor's theory would create certain logical inconsistencies in interpreting the policies as a whole. Under Debtor's theory, if Debtor is found liable under both strict liability and negligence theories, it would have the benefit of coverage under the general liability and the products liability provisions. The happenstance that an injured party raises a theory of liability which does not require a showing of a defective or inherently dangerous product should not permit Debtor to circumvent the clear limitations placed upon coverage for product-related injuries. Such a windfall certainly was not contemplated by the parties when the contract was executed, nor is it supported by the case law.
This Court has considered all arguments and evidence consistent with a ruling on a motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Since there is no genuine issue as to any material fact and the Insurance Company is entitled to judgment as a matter of law, the Court finds in those situations where Debtor's liability is based upon property damage arising out of Debtor's products, including those situations where liability is predicated upon Debtor's alleged negligent failure to warn of the dangers related to Debtor's asbestos-containing products, insurance coverage is provided, if at all, solely under the products hazard or products liability provisions of the relevant policies.
Accordingly, it is
ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Partial Summary Judgment as to Count One Regarding Debtor's Claim for Insurance *1003 Outside of the "Products Hazard" for Asbestos-in-Building Claims is granted. It is further
ORDERED, ADJUDGED AND DECREED that the Motion of California Union Insurance Company for Summary Judgment is granted. It is further
ORDERED, ADJUDGED AND DECREED that Debtor's Motion for Partial Summary Judgment that the Definition of "Products Liability" Claims Does Not Include Alleged Negligent Failure to Provide Warnings in Connection with the Sale of Products Containing Asbestos is denied.
DONE AND ORDERED.
NOTES
[1] The Celotex Corporation and Carey Canada Inc. (collectively referred to as "Debtor") brought this adversary proceeding against numerous insurance companies and insurance syndicates (collectively referred to as "the Insurance Company").

The Insurance Company's Motion for Partial Summary Judgment was filed by AIU Insurance Company; American Home Assurance Company; American Motorists Insurance Company; Citadel General Assurance Company; Columbia Casualty Company; The Continental Insurance Company; Employers Mutual Casualty Company; Eric Reinsurance Company; Federal Insurance Company; First State Insurance Company; Florida Insurance Guaranty Association, Inc.; Gibraltar Casualty Company; Granite State Insurance Company; Hartford Accident & Indemnity Company; Highlands Insurance Company; Hudson Insurance Company; Lexington Insurance Company; Lumbermens Mutual Casualty Company; National Surety Corporation; National Union Fire Insurance Company of Pittsburgh, Pennsylvania; Old Republic Insurance Company; The Protective National Insurance Company of Omaha; Royal Indemnity Company; Twin City Fire Insurance Company; and Zurich Insurance Company. Lloyds of London is also a movant. It appears that "Lloyds of London" is in actuality Certain Underwriters at Lloyd's, London, and London Market Companies (the Plaisted group). In addition, Columbia General Assurance Company is listed as a movant although no such company has ever been a party to this adversary proceeding. It appears the inclusion of Columbia General Assurance Company as a moving party was merely a scrivener's error.
The American Insurance Company; Certain Underwriters at Lloyd's, London, and London Market Companies (the Barrett group); Continental Casualty Company; International Insurance Company; Transportation Insurance Company; and United States Fire Insurance Company joined in the above-described Motion for Partial Summary Judgment.
California Union Insurance Company filed a separate Motion for Summary Judgment on the same issue.
[2] The Insurance Company disputes the use of the term "asbestos-related property damage" by Debtor and asserts the term "asbestos-in-building" claims is more appropriate. The term "property damage" is used in this Order for convenience only and should not be construed as a determination by this Court that the disputed claims actually involve property damage as defined in the relevant insurance policies.
[3] The limits on liability for claims under the products hazard provisions of the relevant policies vary depending on the type of policy (i.e., primary, umbrella, or excess insurance). According to the Insurance Company, the various clauses, when taken together, limit liability for products hazard to the aggregate limit stated under each policy.
[4] According to the Insurance Company, all of the policies involved in this proceeding contain this definition of products hazard or products liability.
[5] The Insurance Company's Memorandum filed in support of its Motion for Partial Summary Judgment also sets forth its position with regard to which state's choice of law rules should apply in deciding whether insurance coverage should be afforded Debtor.

Under the Court's order granting motion for partial summary judgment on choice of law, entered November 24, 1992, lex loci contractus (the law of the jurisdiction where the contract is executed) is the appropriate choice of law in contract interpretation actions. Following this rule, it appears initially the laws of the states of Florida, Illinois and Ohio are relevant to the instant decision.