380 So.2d 483 (1980)
CONTINENTAL CASUALTY COMPANY, Appellant,
v.
Marjorie SCHAUBEL and Howard Schaubel, Appellees.
No. 78-2194.
District Court of Appeal of Florida, Third District.
February 19, 1980.
*484 Peters, Pickle, Flynn, Niemoeller, Stieglitz & Hart, Jeanne Heyward, Miami, for appellant.
Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Joseph H. Lowe, Miami, for appellees.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
PER CURIAM.
Continental Casualty Company, defendant in a declaratory action, appeals a final judgment ordering it to provide coverage and a defense for Howard Schaubel, a medical doctor, who was being sued for libel, slander, and invasion of privacy.
Continental issued a personal umbrella excess liability policy to the Schaubels. The insurance contract defined personal injury as including "invasion of privacy, libel, slander or defamation of character". The exclusions section provided that the policy would not apply to personal injury intentionally caused by or at the direction of the insureds, nor would it apply to any business pursuits or to the rendering of any professional service.
Dr. Schaubel was sued in two separate law suits. The one suit claimed libel in connection with statements that Schaubel had made to the press while he was part of an investigation team for the Monroe County Medical Society. The other suit claimed libel, slander, invasion of privacy arising out of these statements made to the press and other recommendations and comments made to committees and members of a Key West hospital staff.[1] Each charged that Dr. Schaubel acted with malicious intentions to do damage to the injured party.
Schaubel demanded coverage and a defense from Continental. Continental denied any coverage, claiming that the acts were intentional and/or made in connection with business and the rendering of professional services and, therefore, outside the scope of the policy.
After a non-jury trial, the trial court entered a final judgment in favor of Schaubel, finding no malice as a matter of fact. We reverse upon the reasoning contained in Federal Insurance Company v. Appelstein, 377 So.2d 229 (Fla.3d DCA 1979),[2] and remand the cause to the trial court with directions *485 to enter a declaratory judgment in favor of the appellant, finding no duty because of the allegations of the separate suits indicating that the actions on the part of the insured were within the exclusions contained in the policy involved.
Reversed and remanded, with directions.
NOTES
[1] This was presented as a counterclaim in slander action instituted against one Buckner, a medical doctor. In this connection, see: Buckner v. Physicians Protective Trust Fund, 376 So.2d 461 (Fla.3d DCA 1979), wherein he was similarly denied coverage.
[2] It is noted that the Appelstein opinion was rendered on November 20, 1979, subsequent to the entry of the final judgment in this cause on June 22, 1978.