416 So.2d 21 (1982)
Ludwig Nicholas LADAS, III, Appellant,
v.
AETNA INSURANCE COMPANY and Ernest Carl Moczik, Appellees.
No. 81-1635.
District Court of Appeal of Florida, Third District.
June 22, 1982.
Rehearing Denied July 20, 1982.
*22 Floyd, Pearson, Stewart, Richman, Greer & Weil and James B. Tilghman, Jr., Miami, for appellant.
Marlow, Shofi, Ortmayer, Smith, Connell & Valerius and Joseph H. Lowe, Miami, for appellees.
Before HUBBART, C.J., and HENDRY and JORGENSON, JJ.
HENDRY, Judge.
Appellant Ladas, plaintiff below, seeks review of an adverse final judgment which determined that Aetna was not liable for personal injuries inflicted upon him by Aetna's insured.
This action began when Ladas, a police officer, filed suit against Aetna's insured, Ernest Moczik, to recover for injuries from an assault and battery which Moczik committed upon him while he attempted to issue Moczik a traffic citation. When Ladas discovered prior to trial that Moczik had a personal excess liability policy with Aetna, he amended his complaint to join Aetna as a party defendant. The Aetna policy provides coverage for "personal injury," meaning:
"(1) bodily injury, sickness, disease, disability, shock, mental anguish and mental injury;
(2) false arrest, false imprisonment, wrongful entry or eviction, wrongful detention, malicious prosecution or humiliation; and
(3) libel, slander, defamation of character or invasion of rights of privacy, including death resulting therefrom, sustained by any person."
Aetna denied coverage and refused to defend the action on the basis of an intentional tort exclusion in the policy which states that coverage shall not apply "to any act committed by or at the direction of the insured with intent to cause personal injury or property damage." Ladas and Moczik then reached a settlement in which Moczik agreed to entry of a judgment against him in the amount of $175,000 for compensatory damages, Ladas agreed to drop a punitive damage claim and assert his judgment against Aetna, and Moczik would remain liable for the judgment if Ladas were unsuccessful against Aetna.
A final judgment was entered for Ladas based on the settlement. In supplemental proceedings, Aetna raised as affirmative defenses the intentional tort exclusion in the policy, the fact that the policy was an "excess" policy, and claimed that the settlement was entered into collusively and in bad faith. On the basis of the pleadings and the policy, the trial court determined that no coverage existed for the intentional tort of assault and battery and entered judgment without reaching the other issues.
The central issue presented is whether the provision in Aetna's policy excluding coverage for acts intended to cause personal injury precludes coverage for assault and battery even though the insuring provisions of the policy afford coverage for other intentional torts. We hold that the intentional tort exclusion in the policy precludes coverage for assault and battery where, as here, the allegations in the underlying complaint indicate that the insured's actions *23 were intended to cause harm. Accordingly, we affirm the judgment below.
In reaching this conclusion, we are guided by the reasoning in Federal Insurance Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979). In Applestein, this court denied insurance coverage for libel and slander on the basis of an identical exclusion clause in an analogous policy, despite the fact that libel and slander were specifically covered under the insuring provisions of the policy.[1] The holding in Applestein was premised on the fact that the allegations in the complaint claimed that the defamatory comments about the plaintiff were made "with malice" and in a specific "attempt to discredit" the plaintiff. Thus, despite the general term providing protection for libel, slander, and the like, the allegations in the complaint were held to negate coverage by conclusively establishing that the exclusionary endorsement applied. Federal Insurance Co. v. Applestein, supra, at 231. Accord Continental Casualty Co. v. Schaubel, 380 So.2d 483 (Fla. 3d DCA), cert. denied, 389 So.2d 1114 (Fla. 1980).
Similarly, the allegations of Ladas' complaint state that Moczik "maliciously, intentionally and without provocation or consent, violently struck plaintiff... ." Ladas' own allegations thus indicate that the insured's actions fell clearly within the exclusion contained in Aetna's policy, and coverage was properly denied.[2]Federal Insurance Co. v. Applestein, supra; Darragh v. Brock, 366 So.2d 801 (Fla. 1st DCA 1979); see also Draffen v. Allstate Insurance Co., 407 So.2d 1063 (Fla. 2d DCA 1981); Continental Casualty Co. v. Schaubel, supra; West Building Materials, Inc. v. Allstate Insurance Co., 363 So.2d 398 (Fla. 1st DCA 1978); Grange Mutual Casualty Co. v. Thomas, 301 So.2d 158 (Fla. 2d DCA 1974). Ladas' reliance on Hartford Fire Insurance Co. v. Spreen, 343 So.2d 649 (Fla. 3d DCA 1977), as support for his claim is clearly misplaced. The St. Paul policy in Hartford, which the court held afforded coverage for the assault and battery in that case, did not provide a specific exclusion, as here, for damages which are intentionally caused by the insured. Hartford Fire Insurance Co. v. Spreen, supra, at 652.
The final judgment under review denying coverage is affirmed. Our disposition of this case makes it unnecessary to reach the other issue raised.
Affirmed.
NOTES
[1] The Applestein policy provided coverage for "personal injury" which "includes, but is not limited to:

(1) bodily injury, sickness, disease, disability, shock, mental anguish and mental injury;
(2) false arrest, false imprisonment, wrongful entry or eviction, wrongful detention, malicious prosecution or humiliation; and
(3) libel, slander, defamation of character or invasion of rights of privacy; including death resulting therefrom, sustained by any person."
The policy also contained an exclusion, identical to the Aetna policy, which stated that the personal injury coverage
"shall not apply ... to any act committed by or at the direction of the insured with intent to cause personal injury or property damage... ."
Federal Insurance Co. v. Applestein, supra, at 230.
[2] Additional support for this holding derives from the fact that unlike the broader coverage provision in Applestein, where "personal injury includes, but is not limited to" the intentional torts listed therein, the Aetna policy provides that personal injury is limited to the enumerated torts ("personal injury means"). As assault and battery is not one of the specified torts in Aetna's policy, we are unable to accept Ladas' contention that the coverage and exclusion provisions conflict. The two provisions are entirely consistent in light of the "intent" requirement of the exclusion. See, e.g., Employers Commercial Union Insurance Co. of America v. Kottmeier, 323 So.2d 605, 607 (Fla. 2d DCA 1975) (slanderous statement may be made without the specific intent to harm).