**LINCOLN NATIONAL HEALTH AND CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**Keith Barnard BROWN, et al., Defendants.**

**Civ. A. No. 91–101–VAL (WDO).**

United States District Court, M.D. Georgia, Valdosta Division.

Jan. 22, 1992.

Steven David Barnhart, Atlanta, Ga., for plaintiff.

Herbert W. Benson, Tifton, Ga., James L. Ford, Atlanta, Ga., Bob Reinhardt, Robert Cyril Wilmot, Tifton, Ga., William D. Reinhardt, II, Tifton, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Before the court is plaintiff's motion for summary judgment. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court makes the following conclusions of law.

## FACTS

Plaintiff filed this declaratory judgment action in order to determine its potential liability on three insurance policies issued to defendant Tift County. Tift County and several members of the Tift County Sheriff's Department are defendants in a civil rights action, CA 91-13-VAL, filed in this court on January 31, 1991, by defendants Keith Bernard Brown and Anthony Sean Walker.

The Brown and Walker Complaint

On April 10, 1990, defendants Toney Barnes, III, Tim McRae, and Ken Layfield, all deputies of the Tift County Sheriff's Department ("deputies"), responded to a call that Keith Brown and Anthony Walker were trespassing on private property. Keith Brown and Anthony Walker were both minors at this time.

Brown and Walker began to run when the deputies arrived at the scene. During the chase, the deputies fired their revolvers at Brown and Walker. Walker soon surrendered, and Brown continued to run. Brown alleges that after he finally surrendered, Deputy Barnes fired at him, and he was injured.

Neither Brown nor Walker were armed during this confrontation, and they allege that the deputies knew that they were unarmed. Brown and Walker filed a § 1983 claim against Tift County, Deputies McRae, Barnes, and Layfield, and Ed Walker, Sheriff of Tift County.

In Count I of their complaint, Brown and Walker allege that the shooting by the deputies was unreasonable and excessive force and was done either maliciously for the purpose of causing harm or recklessly with disregard for their rights to be free from unreasonable harm. They claim that Deputies McRae, Barnes, and Layfield violated their rights to freedom from unreasonable seizure, freedom from the use of excessive and unreasonable force, freedom from deprivation of liberty without due process, and freedom from summary punishment.

In Count II of their complaint, Brown and Walker allege that the Tift County Sheriff's Department has a pattern and practice of permitting its officers to use unreasonable and excessive force, and that Tift County and the Sheriff of Tift County failed to properly train and supervise officers in the use of firearms.

In Count III of their complaint, Brown and Walker allege that deputies Barnes, McRae, and Layfield committed assault and battery against Brown and Walker and that the deputies were acting within the course of their duties as officers of the Tift County Sheriff's Department when these acts occurred.

Brown and Walker seek damages for physical injury and mental and emotional suffering. They also seek punitive damages.

The Insurance Policies

Lincoln National Health and Casualty Company ("Lincoln"), plaintiff in this declaratory judgment action, has issued three insurance policies to defendant Tift County. These are a Law Enforcement Officers' Comprehensive Liability Policy, a Commercial General Liability Policy, and a Public Officials' Liability Policy. In this motion for summary judgment, Lincoln claims that it is not obligated under any of these policies for damages that may arise from the Brown and Walker complaint.

### 1. The Law Enforcement Officers' Comprehensive Liability Policy ("LEOCL Policy")

Under the LEOCL Policy, Lincoln will pay "all sums the insured legally must pay as damages because of personal injury or property damage to which this insurance applies, caused by an occurrence resulting from law enforcement activities." Tift County and all members of the Tift County Sheriff's Department are insured parties under this policy.

The LEOCL policy defines the term "personal injury" as follows:

1. Bodily injury....

2. False Arrest, wrongful detention or imprisonment.

3. Malicious prosecution.

4. Wrongful entry or wrongful eviction.

5. Discrimination.

6. Humiliation.

7. Assault and battery.

8. False or improper service of process.

9. Violation of property rights.

10. Violation of civil rights.

11. A publication or utterance that interferes with someone else's right to an idea....

The term "occurrence" is defined under the policy as follows:

[A]n event ... that results in:

1. Personal injury the insured did not expect or intend unless the personal injury resulted from the use of reasonable force to protect persons or property.

The policy also excludes "[a]ny claim for punitive damages."

### 2. The Other Policies

The Commercial General Liability Policy ("CGL Policy") and the Public Officials' Liability Policy ("POL Policy") each contain a listing of "Additional Exclusions." This document states that "no coverage applies [under this policy] for any claim involving any ... Law Enforcement Departments."

## DISCUSSION

Lincoln claims in its motion for summary judgment that it is not obligated to provide coverage for any of the Brown and Walker claims under any of the policies it has issued to Tift County. It argues that first, all of Brown and Walker's claims are excluded from coverage under any of its policies, and second, any claims that would be covered under any of the policies are not valid claims under either state or federal law.[1]

### 1. The Law Enforcement Officers' Comprehensive Liability Policy

 Lincoln argues that because Brown and Walker have alleged that the Tift County deputies used unreasonable force and fired their weapons intentionally, Brown and Walker's claims are excluded from coverage in the LEOCL Policy. Lincoln bases this argument on the language of the policy that it covers only "personal injury the insured did not expect or intend" or "personal injury [that] resulted from the use of reasonable force to protect persons or property."

Based on this provision, the policy only covers unintentional or unexpected "personal injury" and any "personal injury", whether intentional or not, resulting from reasonable force. Hence, because all of the Brown and Walker claims allege intentional acts, the policy does not cover any of their claims. Moreover, according to plaintiff's argument, since the use of reasonable force does not amount to a § 1983 claim, there would be no coverage if the deputies' conduct, although intentional, constituted reasonable force.

However, there is an inconsistency in the policy. The policy defines "personal injury" to mean not only "bodily injury" but also "false arrest," "malicious prosecution," and "assault and battery." When this definition is read with the provision that only unintentional and unexpected "personal injury" is covered, then the policy only applies to unintentional false arrest, unintentional malicious prosecution,

---

**1.** Defendants Brown and Walker argue that Lincoln has failed to set out an actual controversy in this action and, furthermore, that Lincoln is estopped from raising a noncoverage defense. These arguments are without merit.

and unintentional assault and battery. This is complete nonsense. Thus, while under one provision, the policy claims that it *covers* claims for intentional acts such as malicious prosecution, false arrest, and assault and battery, on the other hand, the policy really covers *no* such claims.

 In addition, the policy, in its "personal injury" definition, claims that it covers violations of civil rights. In order to state a cause of action against a municipality under § 1983, the claim must show at least "deliberate indifference" by the municipality to the rights of its inhabitants. *Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). If a municipality acts with "deliberate indifference" in establishing a practice or custom, then it "expects" or "reasonably anticipates" injuries to its citizens as a result of this practice or custom. *Calvert Ins. Co. v. Western Ins. Co.,* 874 F.2d 396 (7th Cir.1989). Thus, the LEOCL Policy would never actually cover claims for civil rights violations against Tift County.

Therefore, the court finds that this policy contains two conflicting provisions. Under Georgia law, when two provisions in an insurance policy "are repugnant to one another," "the provision most favorable to the insured will be applied." *United States Fire Ins. Company v. Hilde,* 172 Ga.App. 161, 322 S.E.2d 285, 288 (1984); *Welch v. Gulf Ins. Co.,* 126 Ga.App. 115, 190 S.E.2d 101 (1972). The other provision is disregarded.

Thus, the court disregards the policy's provision which limits coverage to unintentional or unexpected injuries or those caused only by reasonable force and finds that Lincoln's LEOCL Policy provides coverage for Brown and Walker's § 1983 and assault and battery claims against Tift County, the Sheriff of Tift County, and the deputies.

 The court, however, finds that the policy's exclusion against coverage for punitive damages is valid. There is no inconsistency or ambiguity in this provision. Thus, Lincoln has no obligation to pay any punitive damages on the Brown and Walker claims.

2. The Other Policies

 Because both of these policies contain an "Additional Exclusion" that specifically states that there is no coverage for any claims involving any Law Enforcement Department, Lincoln is not obligated to cover Brown and Walker's claims under these policies.

Accordingly, the court GRANTS plaintiff's motion for summary judgment IN PART and DENIES plaintiff's motion for summary judgment IN PART. The court GRANTS summary judgment on plaintiff's claims that it is not obligated under the CGL Policy or the POL Policy. The court also GRANTS summary judgment on plaintiff's claim that it is not obligated to pay punitive damages under the LEOCL Policy. However, the court DENIES summary judgment on plaintiff's claim that it is not obligated on the Brown and Walker claims for actual damages under its LEOCL Policy.

SO ORDERED.