698 So.2d 618 (1997)
Frank V. PURRELLI, Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Appellee.
No. 96-03053.
District Court of Appeal of Florida, Second District.
August 29, 1997.
*619 Peter N. Meros of Meros, Smith & Olney, P.A., St. Petersburg, for Appellant.
Charles W. Hall of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., St. Petersburg, for Appellee.
BLUE, Judge.
Frank V. Purrelli, a chiropractor, challenges the granting of a judgment on the pleadings in favor of State Farm Fire and Casualty Company in an action for a declaratory judgment. The trial court ruled that the personal umbrella liability insurance policy issued by State Farm to Purrelli did not provide coverage for an invasion of privacy claim asserted against Purrelli. The umbrella policy provides coverage for specified intentional torts, including invasion of privacy, but excludes coverage for intended acts. We determine the policy is ambiguous and therefore reverse the judgment on the pleadings.
Purrelli allegedly took inappropriate videos of a female employee, who was also a patient, during chiropractic treatment sessions. When the employee learned about the videos, she sued Purrelli for invasion of privacy by intrusion upon seclusion. Purrelli called upon State Farm to provide coverage for the claim. Purrelli had three separate insurance policies in force with State Farm: a homeowners policy, a business policy, and a personal umbrella liability policy. State Farm sought a declaratory judgment to determine whether any of its policies provided insurance coverage for the claims asserted against Purrelli. The trial court granted State Farm's motion for a judgment on the pleadings, finding none of the policies provided Purrelli with coverage for the asserted claims.
In response to State Farm's declaratory action, Purrelli based his claim for coverage exclusively on his personal umbrella liability policy. That policy purported to limit insurance coverage to "accidents" which result in "personal injury." The policy defined personal injury to explicitly include "invasion of rights of privacy" and eleven other intentional torts, including assault and battery, false arrest, false imprisonment, libel, slander, and defamation of character. The policy contained a provision excluding personal injuries that were "expected or intended" by the insured.
We conclude the trial court erred by granting State Farm's motion for a judgment on the pleadings because State Farm's personal umbrella liability policy is ambiguous. *620 The policy purports to insure invasion of privacy, an intentional tort, but excludes acts "intended" by the insured and limits coverage to "accidents." If an insurance policy is ambiguous, the ambiguity must be resolved liberally in favor of the insured. See Prudential Property & Cas. Ins. Co. v. Swindal, 622 So.2d 467, 472 (Fla.1993). Florida case law does not allow insurers to "use obscure terms to defeat the purpose for which a policy is purchased." Weldon v. All American Life Ins. Co., 605 So.2d 911, 915 (Fla. 2d DCA 1992).
When considering a motion for judgment on the pleadings, all material allegations of the opposing party's pleadings are to be taken as true, and all those of the movant which have been denied are taken as false. See Farag v. National Databank Subscriptions, Inc., 448 So.2d 1098, 1100 (Fla. 2d DCA 1984). Any ambiguities in an insurance contract must be construed liberally in favor of the insured and strictly against the insurer who prepared the policy. See Swindal, 622 So.2d at 472; Florida Farm Bureau Ins. Co. v. Birge, 659 So.2d 310, 311 (Fla. 2d DCA 1994), review denied, 659 So.2d 271 (Fla. 1995). Exclusionary clauses in insurance policies are construed more strictly than coverage clauses. See Birge, 659 So.2d at 311; Triano v. State Farm Mut. Auto. Ins. Co., 565 So.2d 748, 749 (Fla. 3d DCA 1990).
We have not found, nor have the parties cited, any controlling Florida authority addressing the exact issue before this court. Of the Florida cases involving personal umbrella liability policies which provide explicit coverage for specified intentional torts, none was decided based on a contractual exclusion for intentional conduct. See Ladas v. Aetna Ins. Co., 416 So.2d 21, 22-23 (Fla. 3d DCA 1982); Continental Cas. Co. v. Schaubel, 380 So.2d 483 (Fla. 3d DCA 1980); Federal Ins. Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979). Courts in other jurisdictions have considered personal umbrella liability policies that provide coverage for specified intentional torts but exclude coverage for intentional acts, and found the exclusions to be ambiguous.
The Maryland Court of Appeals held that conflicting provisions in a personal umbrella liability policy similar to Purrelli's could not be reconciled because the limitation and the exclusion completely swallowed up the insuring provision, creating "the grossest form of ambiguity." Bailer v. Erie Ins. Exchange, 344 Md. 515, 687 A.2d 1375, 1380 (1997) (finding coverage for a claim of invasion of privacy). When limitations or exclusions completely contradict the insuring provisions, insurance coverage becomes illusory. See Lineberry v. State Farm Fire & Cas. Co., 885 F.Supp. 1095, 1099 (M.D.Tenn.1995) (finding a personal umbrella liability policy similar to Purrelli's to be ambiguous and finding coverage for an invasion of privacy claim). As one court observed, an insurance policy that provides coverage for specifically enumerated intentional torts, but only if they are committed unintentionally, is "complete nonsense." Lincoln Nat'l Health & Cas. Ins. Co. v. Brown, 782 F.Supp. 110, 112-13 (M.D.Ga.1992).
Florida courts have recognized invasion of privacy to be an intentional tort. See Chase Manhattan Inv. Servs., Inc. v. Miranda, 658 So.2d 181, 182 (Fla. 3d DCA 1995). The tort of invasion of privacy was first recognized in Florida in Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1944), and was subsequently found to include intrusion upon seclusion. See Agency for Health Care Admin. v. Associated Indus. of Fla., Inc., 678 So.2d 1239, 1252 n. 20 (Fla.1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1245, 137 L.Ed.2d 327 (1997); Loft v. Fuller, 408 So.2d 619, 622 (Fla. 4th DCA 1981). The Restatement (Second) of Torts defines intrusion upon seclusion as "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another." Restatement (Second) of Torts § 652B (1977) (emphasis added). Intrusion upon seclusion must always be intentional to be tortious and cannot arise from a mere lack of due care. See Bailer, 687 A.2d at 1384; Snakenberg v. Hartford Cas. Ins. Co., 299 S.C. 164, 383 S.E.2d 2 (Ct.App.1989). Because invasion of privacy can only be actionable if done intentionally, State Farm's insurance contract providing coverage for invasion of privacy but excluding intentional acts is, at best, unclear and ambiguous.
*621 State Farm's attempt to distinguish an "intentional" invasion of privacy from an "accidental" invasion of privacy is also without merit. State Farm failed to define the term "accident" in its insurance contract. The Florida Supreme Court has recognized that, when not otherwise defined, the term "accident" in an insurance policy means "unintentional." See Dimmitt Chevrolet, Inc. v. Southeastern Fidelity Ins. Corp., 636 So.2d 700, 704 (Fla.1993) ("[t]he term accidental is generally understood to mean unexpected or unintended"); Byrd v. Richardson-Greenshields Sec., Inc., 552 So.2d 1099, 1100 n. 3 (Fla.1989) (citing with approval the Webster's Third New International Dictionary definition for "accident" as a "sudden event or change occurring without intent or volition"); Government Employees Ins. Co. v. Novak, 453 So.2d 1116, 1118 (Fla.1984) (if act is intentional, "it can reasonably be said that it was not an `accident'"). Because an accident is by definition unintentional, an insurance contract that explicitly covers the intentional tort of invasion of privacy but limits coverage to "accidents" is ambiguous.
State Farm's argument relies primarily on case law addressing business or homeowners insurance policies that exclude intentional acts. See Prasad v. Allstate Ins. Co., 644 So.2d 992 (Fla.1994); Swindal, 622 So.2d 467; Landis v. Allstate Ins. Co., 546 So.2d 1051 (Fla.1989); State Farm Fire & Cas. Co. v. Compupay, Inc., 654 So.2d 944 (Fla. 3d DCA), review denied, 662 So.2d 341 (Fla. 1995); Insurance Co. of North America v. Querns, 562 So.2d 365 (Fla. 2d DCA 1990); McCullough v. Central Fla. YMCA, 523 So.2d 1208 (Fla. 5th DCA 1988), approved, 546 So.2d 1050 (Fla.1989). However, none of these cases contain an insurance policy which provides explicit coverage for a specified intentional tort such as invasion of privacy.
Purrelli's umbrella liability policy with State Farm is ambiguous because the policy purports to provide coverage for specified intentional torts, including invasion of privacy, but attempts to limit coverage to accidents and exclude intentional acts. Therefore, the trial court erred by granting State Farm's motion for judgment on the pleadings. The declaratory judgment is reversed as to the personal umbrella policy, and the matter is remanded to the trial court for further proceedings.
Reversed and remanded.
PATTERSON, A.C.J., and LAZZARA, J., concur.